IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYNALDO VENEGAS-QUIROZ,<br><br>             Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | 05 CV 00509 AWI<br>(CR F 04 05266 AWI)<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND, VACATE OR SET ASIDE THE SENTENCE<br><br>(28 U.S.C. § 2255) |

## INTRODUCTION

Petitioner Jose Reynaldo Venegas-Quiroz ("Petitioner") seeks relief under 28 U.S.C. § 2255 from the sentence of 63 months of imprisonment and 36 months of supervised release that was imposed by this court on November 23, 2004, following Petitioner's entry of a guilty plea to one count of a violation of 8 U.S.C. § 1326 — deported alien found in the United States.  For the reasons that follow, Petitioner's motion will be denied.

## FACTUAL AND PROCEDURAL HISTORY

On or about March 5, 2001, Petitioner was deported or removed from the United States following a felony conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months.  On or about September 17, 2004, he was found within the state and

Eastern District of California without having obtained the necessary consent. Accordingly, Petitioner entered a plea of guilty to a single count of violating 8 U.S.C. § 1326. The plea of guilty was made pursuant to the terms of a negotiated plea agreement on November 18, 2004.

Pertinent to the instant motion, the plea agreement provided that the government would recommend a three-level reduction in Petitioner's offense level for his acceptance of responsibility for his conduct, an additional two-level reduction for his agreement to an early disposition of the case, and a general recommendation that Petitioner be sentenced at the low end of the applicable sentence guideline range. Among other things, Petitioner agreed to waive his constitutional and statutory rights to appeal or to contest his sentence in any post-conviction proceeding, "including, but not limited to, any proceeding under 28 U.S.C. § 2255," such as this one. Petitioner also agreed "to waive any constitutional challenge to the validity of the federal sentencing guidelines and their application this his case." The government's recommendations were considered in the Presentence Investigation Report ("PIR") and were accepted by the district court. The Court sentenced Petitioner to be imprisoned for a total term of 63 months to be followed by a supervised release for a term of 36 months.

Despite signing the plea agreement with the government, Petitioner now brings this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the grounds that he received ineffective assistance of counsel, resulting in plain error on behalf of the court; and that the sentence was an unconstitutional violation of the Sixth Amendment. Specifically, Petitioner argues that his prison sentence of 63 months unlawfully exceeds the maximum sentence of two years authorized by 8 U.S.C. § 1326 because the indictment did not allege and Petitioner did not admit any prior conviction of an "aggravated felony."

Petitioner's motion was filed timely on April 18, 2005.

**LEGAL STANDARD**

28 U.S.C. § 2255 provides that a "prisoner in custody under sentence of a court

established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

### A.   Petitioner's Waiver of Right to Appeal Sentence

While Petitioner would ordinarily have constitutional and statutory rights to appeal his conviction and sentence, he explicitly waived those rights in his plea agreement. "The right to attack a judgment collaterally is statutory. A knowing and voluntary waiver of a statutory right is enforceable. For this reason, a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999) (internal citations omitted). However, a waiver cannot bar a claim that relates to the validity of the waiver itself. United States v. Abarca, 985 F.2d 1012, 1014 (9 Cir. 1993). Here, Petitioner brings his motion on the ground of ineffective assistance of counsel. Petitioner does not explain that claim in his memorandum of law, but the Court construes it as a challenge to the validity of

1 his plea.

2     Because claims of ineffective assistance of counsel usually implicate the validity of plea
3 agreements that are secured through the efforts of the allegedly ineffective counsel, those claims
4 are not normally considered waived by plea agreements.  See United States v. Pruitt, 32 F.3d
5 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective
6 assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant
7 to plead guilty or accept a particular plea bargain"); United States v. Baramdyka, 95 F.3d 840,
8 844 (9th Cir. 1996) (citing Pruitt for the proposition that a general waiver does not include claims
9 of ineffective assistance brought under section 2255).  This Court follows Pruitt in finding
10 Petitioner's general waiver of the right to collaterally attack the judgment or his sentence did not
11 waive his right to petition pursuant to section 2255 on the ground of ineffective assistance of
12 counsel.

14     **B.     Unconstitutional Sentence — Sixth Amendment Violation**

15     Petitioner argues that his sentence of imprisonment for 63 months is unlawful because it
16 exceeds the two-year maximum sentence purportedly authorized by 8 U.S.C. § 1326 and because
17 Petitioner neither admitted to nor was convicted of committing any "aggravated felony" that
18 would, according to him, permit departure from that two-year sentence limitation.  Presumably,
19 he brings the ineffective assistance of counsel claim to say that his counsel failed to point this out
20 to the Court, thereby prejudicing him by adding over three years of imprisonment to his sentence.

21     However, Petitioner misstates the law.  While it is true that under 8 U.S.C. § 1326(a) an
22 alien that violates the statute is subject to a fine under Title 18, or imprisonment of "not more
23 than 2 years," or both, that statutory maximum is subject to section (b) of the statute.  Under 8
24 U.S.C. § 1326(b)(1), an alien "whose removal was subsequent to a conviction for commission of
25 . . . a felony (other than an aggravated felony)" shall be "imprisoned not more than 10 years."  If
26 the removal was subsequent to a conviction for commission of an "aggravated felony," the

4

1   maximum sentence is increased to 20 years of imprisonment.  8 U.S.C. § 1326(b)(2).

2         According to the record, Petitioner was previously removed from the United States
3   subsequent to a conviction of possession of a controlled substance for sale, in violation of
4   California Health and Safety Code § 11351.  That constitutes a felony conviction.  See Cal.
5   Health & Safety Code § 11356; Cal. Penal Code § 17.  Whether or not that conviction could be
6   considered an "aggravated" felony is moot.[1]  The removal subsequent to a conviction for
7   commission of a felony raised the maximum prison sentence to at least 10 years in Petitioner's
8   case.  The sentence of 63 months ultimately imposed against Petitioner was well below the
9   maximum sentence permitted by statute and therefore does not violate the Constitution.

10

11        **C.**    **Ineffective Assistance of Counsel**

12        To establish a constitutional violation for the ineffective assistance of counsel, a
13  defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him.
14  United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient
15  performance of counsel, Petitioner must demonstrate that his attorney "made errors that a
16  reasonably competent attorney acting as a diligent and conscientious advocate would not have
17  made."  Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985).  To show prejudice, Petitioner
18  must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional
19  errors, the result of the proceeding would have been different."  Strickland v. Washington, 466
20  U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not
21  address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one
22  prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of
23  sufficient prejudice, which we expect will often be so, that course should be followed."  Id.

24  ─────────────────────

25       [1] Courts consider different factors to determine whether a violation of Cal. Health &
Safety Code § 11351 constitutes an "aggravated" felony or simply a felony.  See, e.g.,
26  Noriega-Lopez v. Ashcroft, 335 F.3d 874, 876 (9th Cir. 2003).  In this case, the distinction is not
relevant because the sentence imposed was lawful whether or not Petitioner's conduct could be
27  deemed an "aggravated" felony.

28                                      5

Petitioner's allegations in this case simply reflect a misreading of the statute. Petitioner's counsel made no mistake in this regard and therefore his or her performance can not be considered deficient. Accordingly, the Court has no choice but to find that Petitioner did not receive ineffective assistance of counsel.

Further, under the legal standard explained above, a hearing is not required in this case because the files and records of the case conclusively show that Petitioner is entitled to no relief.

**ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1. Petitioner's motion to vacate, correct or set aside the sentence is DENIED; and
2. the Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

**Dated:     March 31, 2008**                         /s/ Anthony W. Ishii
                                                              UNITED STATES DISTRICT JUDGE